UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AFFILIATED FM INSURANCE COMPANY
*as subrogee of Pepsico, Inc.*,

                Plaintiff,                          **ORDER**
                                                        **13 CV 2890 (JBW)(LB)**

    -against-

PINNACLE TRUCKING, LLC,

                Defendant.
-------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      The Court held a telephone conference in this action on September 6, 2013, to discuss defendant's renewed motion to compel. (ECF No. 14.) For the reasons set forth below, defendant's motion to compel is granted.

      On August 13, 2013, defendant filed a motion to compel plaintiff to produce a sample of the type of plastic drum used in the contested shipment. (ECF No. 11.) The Court directed plaintiff to respond to defendant's motion and scheduled the matter for a telephone conference. Thereafter, the parties conferred and on August 21, 2013, plaintiff stated that it had "agreed to determine if a sample drum can be made available by Pepsico for inspection. We anticipate that we will have a response by next week." (ECF Nos. 12-13.) Therefore, the Court denied defendant's motion to compel without prejudice and canceled the scheduled telephone conference.

      On August 29, 2013, defendant renewed its motion to compel. (ECF No. 14.) Defendant informed the Court that plaintiff had failed to provide additional information regarding the production of a sample drum as promised. (Id.) Defendant also stated that plaintiff's responses to its request for documents were inadequate and requested the Court to compel plaintiff's responses. (Id.) Defendant also noted that plaintiff had failed to timely designate a Rule 30(b) witness. (Id.) On September 4, 2013, plaintiff responded to defendant's motion to compel and explained that the requested drums were not in its subrogor's, Pepsi's, possession, but owned by a third party supplier.

(ECF No. 15.) It further stated that it was "uncertain" what drum defendant was interested in inspecting and that its inquiries had been "hampered because of summer vacation schedule." (Id.)

During the telephone conference, the Court noted that plaintiff has made no progress in producing the requested drum since defendant's first motion to compel in mid-August. Instead, with the discovery deadline one month away, plaintiff appears to be dragging its feet. Plaintiff's counsel tried to explained that any delay was not due to lack of effort, but due to Pepsi's corporate bureaucracy. However, it is well established that plaintiff, as subrogee, stands in the shoes of its insured. See ABN AMRO Verzekeringen BV v. Geologistics Ams., Inc., 485 F.3d 85, 89 n.1 (2d Cir. 2007); Novorossiysk Shipping Co. v. China Pac. Pop. Ins. Co., 06 Civ. 2312 (WHP), 2006 U.S. Dist. LEXIS 80659, at *3 (S.D.N.Y. Apr. 17, 2006). Therefore, the Court cannot excuse plaintiff's failure to timely respond to defendant's discovery requests.

Accordingly, the Court grants defendant's motion to compel. Plaintiff shall produce a sample drum and its outstanding responses to defendant's request for documents by September 23, 2013. If plaintiff fails to produce these items by September 23, 2013, the Court shall impose sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include dismissal of this action. Fed. R. Civ. P. 37(b)(2)(v). Moreover, defendant is entitled to obtain the discovery responses before conducting the Rule 30(b)(6) deposition. Defendant is also entitled to know who plaintiff has designated as the proper Rule 30(b)(6) deponent. Therefore, the parties shall cooperate to arrange the Rule 30(b)(6) deposition after September 23, but before October 10, 2013. The parties shall file a letter regarding the status of discovery by September 23, 2013, and shall complete all fact discovery by October 10, 2013 as previously scheduled.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 9, 2013
      Brooklyn, New York